NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
30298
15-AUG-2013
09:14 AM

NO. 30298

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BILLY L. HITCHCOX, Claimant-Appellant, v.
HAWAIIAN FLUID POWER, a subsidiary of
PACIFIC MACHINERY, INC., a subsidiary of
THEO H. DAVIES AND CO., LTD., Employer-Appellee,
Self-Insured, and GALLAGHER BASSETT SERVICES, INC.,
Third-Party Administrator-Appellee, and
SPECIAL COMPENSATION FUND, Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2003-351 (2-02-10629))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Claimant-Appellant Billy L. Hitchcox ("Hitchcox") appeals from the December 15, 2009 Decision and Order ("Decision") of the Labor and Industrial Relations Appeals Board ("LIRAB"). On August 5, 2002, Hitchcox was involved in a work-related motor-vehicle accident. On July 17, 2003, the Director of the Department of Labor and Industrial Relations, Disability Compensation Division ("Director") awarded Hitchcox medical benefits for injuries to his neck and left shoulder and temporary total disability ("TTD") benefits through April 22, 2003, but denied medical benefits for Hitchcox's diplopia and vertigo conditions. On appeal, the LIRAB concluded in its Decision — which contains enumerated findings of fact ("FOF") and conclusions of law ("COL") — that, among other things, Hitchcox's diplopia and vertigo conditions did not relate to the accident and that Hitchcox is not entitled to medical care benefits for these conditions; that Hitchcox was not entitled to TTD benefits after April 23, 2003; and that Hitchcox was entitled to 3%

permanent partial disability ("PPD") stemming from his neck injury.

On·appeal, Hitchcox contends that the LIRAB erred in finding that (1) his diplopia and vertigo conditions were not related to his injuries stemming from the August 5, 2002 accident; (2) he is not entitled to medical care for the diplopia and vertigo conditions; (3) he is not entitled to TTD benefits after April 22, 2003; and (4) he is only entitled to 3% PPD for injuries to his neck.

Upon careful review of the record and the briefs submitted by the parties, we resolve Hitchcox's points of error as follows:

(1) Pursuant to Hawai'i Rules of Appellate Procedure ("HRAP") Rule 28(b)(4), an opening brief must contain a concise statement of the points of error. Each point of error must state, among other things, "where in the record the alleged error occurred[.]" Haw. R. App. P. 28(b)(4)(ii). Where the point of error "involves a finding or conclusion of the court or agency," it must include "either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions[.]" Haw. R. App. P. 28(b)(4)(C).

The Hawai'i Supreme Court has repeatedly held that where findings of fact are not challenged or identified in the points of error, such findings are binding on appeal. *See, e.g., 'Ōlelo: The Corp. for Cmty. Television v. Office of Info. Practices*, 116 Hawai'i 337, 349-50, 173 P.3d 484, 496-97 (2007); *In re Lock Revocable Living Trust*, 109 Hawai'i 146, 154, 123 P.3d 1241, 1249 (2005); *Kawamata Farms, Inc. v. United Agri Prods.*, 86 Hawai'i 214, 252, 948 P.2d 1055, 1093 (1997); *Leibert v. Fin. Factors, Ltd.*, 71 Haw. 285, 288, 788 P.2d 833, 835 (1990). Furthermore, "[i]f a finding is not properly attacked, it is binding; and any conclusion which follows from it and is a correct statement of law is valid." *Kawamata Farms,* 86 Hawai'i at 252, 948 P.2d at 1093 (quoting *Wisdom v. Pflueger*, 4 Haw. App. 455, 459, 667 P.2d 844, 848 (1983)). Hitchcox's points of error do not identify a single FOF as being erroneous. Thus, the LIRAB's unchallenged FOF are binding on appeal.

An appellant may be spared from the effects of this rule when the opening brief "sufficiently satisfie[s]" HRAP Rule 28. *Marvin v. Pflueger*, 127 Hawai'i 490, 497, 280 P.3d 88, 95 (2012). For instance, in *Marvin*, the supreme court held that an opening brief sufficiently satisfied HRAP Rule 28 — despite the failure to challenge specific FOF — where the brief challenged a COL which was redundant of the unchallenged FOF, the FOF were challenged in the analysis section of the brief, the identical arguments were raised below, and the arguments were conspicuous. *Id.* at 497–98, 280 P.3d at 95–96.

Hitchcox's opening brief, however, does not sufficiently satisfy HRAP Rule 28. Here, Hitchcox's first point of error is that the LIRAB erred in finding that his diplopia and vertigo conditions were unrelated to his work injury. This point of error clearly references COL 1: that Hitchcox's "vertigo and diplopia conditions are not related to the August 5, 2002 work injury." COL 1, however, is not merely a restatement of the unchallenged FOF; instead, the supporting FOF are distinct factual findings that form the substantive basis for COL 1. Thus, *Marvin* is of no help to Hitchcox. *See Wisdom*, 4 Haw. App. at 459, 667 P.2d at 848 ("[A]n attack on a conclusion which is supported by a finding is not an attack on that finding.").

Furthermore, the argument section of Hitchcox's opening brief does not identify how any of the LIRAB's specific FOF were clearly erroneous; instead, Hitchcox presents *his* theory of the case without addressing or even acknowledging the LIRAB's contrary findings and conclusions. Because we review the LIRAB's FOF under the clearly erroneous standard, *Nakamura v. State*, 98 Hawai'i 263, 267, 47 P.3d 730, 734 (2002), and because Hitchcox has not challenged any of the FOF, those FOF are binding.

We also note that Hitchcox failed to state where any of his arguments were raised in the proceedings below, as required by HRAP Rule 28(b)(4)(iii), and did not refer to a single case, statute, or administrative rule in his opening brief in violation of HRAP Rule 28(b)(7). Furthermore, due to the opening brief's complete lack of citations to specific FOF, it is not obvious how the collection of facts in the argument section relate to the

points of error or are intended to impeach the various FOF; thus, any arguments challenging the FOF are not conspicuous.[1]

The unchallenged FOF support the LIRAB's conclusion that Hitchcox's "vertigo and diplopia conditions are not related to the August 5, 2002 work injury." Therefore, Hitchcox has not shown error.[2]

(2) Hitchcox challenges COL 2: that he "is not entitled to medical treatment for vertigo and diplopia." COL 2 is supported by the unchallenged FOF and COL 1. Furthermore, Hitchcox cites to no authority in support of his position. Thus, Hitchcox has not shown error. Haw. R. App. P. 28(b)(4), (b)(7); *Kawamata Farms*, 86 Hawai'i at 252, 948 P.2d at 1093.

(3) Hitchcox challenges COL 3: that he "is not entitled to TTD benefits after April 23, 2003." COL 3 is based on FOF 55-56, in which the LIRAB found, among other things, that Hitchcox "reached maximum medical improvement for his August 5, 2002 neck and left shoulder injury by April 3, 2003." Hitchcox fails to present an argument establishing that such findings are clearly erroneous. Haw. R. App. P. 28(b)(7). Furthermore, Hitchcox fails to refer to any authority establishing that COL 3 was erroneous as a matter of law and otherwise fails to argue or demonstrate that the LIRAB's decision was "[a]rbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion." *Igawa v. Koa House Rest.*, 97 Hawai'i 402, 405-06, 38 P.3d 570, 573-74 (2001) (quoting HAW. REV. STAT. § 91-14(g)(6) (1993)). Thus, we reject Hitchcox's position.

(4) Hitchcox challenges COL 4: that he was "entitled to 3% PPD of the whole person for his cervical spine, as a result of the August 5, 2002 cervical strain injury." Given his failure to address the merits of this case within the framework of this court's authority to review the LIRAB's decisions, see *Igawa*, 97

---

[1] Despite the fact that both appellees' answering briefs prominently argued that Hitchcox's opening brief failed to properly challenge any FOF, Hitchcox did not file a reply brief or seek leave to amend his opening brief.

[2] Appellant's opening brief is replete with violations of HRAP Rule 28(b). Counsel is warned that future violations may result in sanctions pursuant to HRAP Rule 30.

Hawai'i at 405-06, 38 P.3d at 573-74, or to present any authority in support of his arguments, Hitchcox also fails to show that the LIRAB abused its discretion or erred as a matter of law.  HAW. REV. STAT. § 91-14(g).

Therefore, the December 15, 2009 Decision and Order is affirmed.

DATED:  Honolulu, Hawai'i, August 15, 2013.

On the briefs:

Charles H. Brower,
for Claimant-Appellant.

Scott G. Leong and
Shawn L.M. Benton
(Leong Kunihiro Leong & Lezy),
for Employer-Appellee,
Hawaiian Fluid Power, and
Third-Party Administrator-
Appellee, Gallagher Bassett
Services, Inc.

Frances E. H. Lum and
Nelson T. Higa,
Deputy Attorneys General,
for Appellee, Special
Compensation Fund.

Presiding Judge

Associate Judge

Associate Judge